ETHEL W. TAYLOR *vs*. DUPONT BUILDING CORPORATION, a corporation of the State of Delaware.

DEATH—ACTION FOR NEGLIGENT DEATH—RIGHT TO SUE—PLEADING.

The capacity in which a plaintiff sues under *Rev. Code* 1915, § 4155, authorizing action for negligent death by surviving spouse, or if none, by the personal representatives, should appear either in the title of the action or in the body of the declaration.

(*May* 19, 1915.)

Judges RICE and HEISEL sitting.

*W. W. Knowles* for plaintiff.

*Robert H. Richards* and *Aaron Finger* for defendant.

Superior Court, New Castle County, May Term, 1915.

Action by Ethel W. Taylor against the Dupont Building Corporation.

ACTION for death alleged to have been due to negligence, (No. 88, March Term, 1915). General demurrer to plaintiff's declaration. It did not appear in what capacity the plaintiff brought her action. Demurrer sustained. For trial, see *post*, — *Atl.* —.

The declaration consisted of four counts, and in part is as follows:

" * * * That while the said defendant was engaged in operating its elevator and elevator shaft or well and doors as aforesaid, *Herbert S. Taylor who was then and there the husband of the said Ethel W. Taylor, the plaintiff above named*, was employed by Tyson & Bros., as a laborer and was rightfully then and there; * * * the said defendant negligently and carelessly suffered and permitted the doors to said elevator shaft or well to be left open and unguarded, * * * and the said Herbert S. Taylor, being then and there ignorant that said elevator doors were open and unguarded as aforesaid stepped or fell into the elevator shaft or well as aforesaid and was so injured that shortly thereafter he died, to the damage of the said plaintiff in the sum of twenty-five thousand dollars, and therefore she brings her suit."

The defendant demurred to the narr. and contended, as the action was a statutory one, the capacity in which the plaintiff brought her suit should affirmatively appear.

*Per Curiam:*—Paragraph 2, § 4155, *Code* of 1915, provides:

"Whenever death shall be occasioned by unlawful violence or negligence, and no suit be brought by the party injured to recover damages during his or her lifetime, the widow or widower of any such deceased person, or, if there be no widow or widower, the personal representatives may maintain an action for and recover damages for the death and loss thus occasioned."

We think that under the statute, *Section* 4155, *Revised Code of 1915*, the capacity in which the plaintiff sues should appear either in the title of the action or in the body of the declaration. Therefore the demurrer is sustained.